## Case No. 8,067.

LANGLEY v. PERRY.

[2 N. B. R. 596 (Quarto, 180); 8 Am. Law Reg. (N. S.) 427; 16 Pittsb. Leg. J. 117; 2 Balt. Law Trans. 521; 2 Am. Law T. Rep. Bankr. 84.] [1]

Circuit Court, S. D. Ohio. June, 1869. [2]

BANKRUPTCY—REVIEW BY CIRCUIT COURT—FRAUDULENT CONVEYANCE — CREDITOR ABOUT TO RECOVER JUDGMENT — ASSIGNMENT FOR BENEFIT OF CREDITORS.

1. The circuit court has jurisdiction to revise, correct, and reverse rulings and judgments of the district court in bankruptcy proceedings.

[Cited in Re Hall, Case No. 5,920; Re Picton, Id. 11,136.]

2. Where a creditor is about to recover a judgment, and the debtor makes a general assignment of all his property for the benefit of his creditors, before the judgment is rendered, this is not a con-

---

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reprinted from 2 N. B. R. 596 (Quarto, 180), by permission. 2 Am. Law T. Rep. Bankr. 84, contains only a partial report.]

[2] [Reversing Case No. 11,006.]

veyance with intent to delay, defraud, or hinder creditors. The innocence or guilt of the act depends on the mind of him who did it, and it is not a fraud unless it was meant to be so. Judgment of district court reversed.

[Disapproved in Spicer v. Ward, Case No. 13,-241. Cited in Re Munger, Id. 9,923; Re Gregg, Id. 5.797; Barnes v. Rettew, Id. 1,-019; Smith v. Teutonia Ins. Co., Id. 13,115. Followed in Re Marter, Id. 9,143. Cited in Re Temple, Id. 13,825. Disapproved in Globe Ins. Co. v. Cleveland Ins. Co., Id. 5.486. Cited in Mayer v. Hellman, 91 U. S. 502.]

[Cited in Torlina v. Trorlicht (N. M.) 27 Pac. 798.]

This was a bill in equity, filed by [William H.] Langley against [Lemuel] Perry, to revise and reverse an adjudication of bankruptcy, by the district court, on the petition of Perry against Langley. The bill set out the proceedings in the district court. At the hearing before Mr. Justice Swayne, it was suggested that if the demurrer was overruled, the defendant might answer, and that would involve delay; and to avoid that and at the same time bring the whole case before the court upon the demurrer, it was agreed by counsel, with the assent of the court, that the complainant should amend his bill by making copies of all the proceedings in the district court, including a bill of exceptions, embodying all the testimony, &c., part of the bill, to the end that the whole case of Perry v. Langley [Case No. 11,006], in the district court, from the filing of the petition, should be before the circuit court; and thereupon the bill was so amended. The defendant, Perry, demurred. Langley was a resident of Gallia county, Ohio. Among other creditors, he owed Perry, who brought suit against him, and recovered a judgment at a term of the court commencing on May 27th, 1867. On the 25th of May, 1867, Langley being insolvent, made a general assignment of all his property, in trust for all his creditors. The assignee accepted the trust, and on the 25th of May, 1867, filed the deed in the probate court of Gallia county, under the statutes of Ohio, and proceeded to administer the trust. On the 17th of July, 1867, Perry filed a petition against Langley in the district court, setting forth the assignment, and claiming that it was made with intent to hinder and delay him in the collection of his debt; and also with intent, by such disposition, to defeat and delay the operation of the bankrupt act, and was, therefore, an act of bankruptcy. Langley answered, denying the intent charged. Perry proceeded to take testimony, and it is set forth in the bill of exceptions. Langley offered no testimony, and the case was heard upon the testimony offered by Perry only. The district court held the assignment an act of bankruptcy, and declared Langley a bankrupt. The bill is filed to reverse that judgment.

C. D. Coffin, for Langley.
Nash & Lincoln, for Perry.

The case having been argued at a former term, was now decided by SWAYNE, Circuit Justice, in a very able opinion, in which he held:

First. That the circuit court, under the second section of the bankrupt act, had jurisdiction in this matter to revise and correct and reverse the rulings and judgment of the district court, in proceedings in bankruptcy.

Second. That where a creditor is about to recover a judgment against his debtor in Ohio, and the debtor makes a general assignment of all his property for the benefit of all his creditors before the judgment is rendered, such conveyance is not necessarily a conveyance with intent to delay, defraud, or hinder creditors.

Third. And where such an assignment is made under like circumstances with intent to secure an equal distribution of all the debtor's property among all his creditors, it is not necessarily a conveyance of property with intent to defeat or delay the operation of the bankrupt act.

Fourth. To make such an assignment an act of bankruptcy, it must be made with intent to delay, defraud, or hinder creditors, within the meaning of the statute of 13 Elizabeth, or with intent to defeat or delay the operation of the bankrupt act. It becomes a question of fact. The innocence or guilt of the act depends on the mind of him who did it, and it is not a fraud within the meaning of the bankrupt law [of 1867 (14 Stat. 517)], unless it was meant to be so. Here the proof submitted in the case is clear that the assignment was an honest act, and was not intended either to defraud creditors or defeat or delay the operation of the bankrupt act.

The demurrer is overruled; judgment of the district court reversed, and the case remanded to the district court.

THE COURT made the following entry: "This cause came on for hearing on the demurrer of the said Lemuel Perry, to the petition and amended petition of the said Langley, and upon the proof taken in the district court and made part of the bill of exceptions, and the same was argued by counsel; and due consideration being had, the court does find that the district court erred in finding upon the said pleading and proofs that the said Langley had committed an act of bankruptcy. It is therefore ordered and adjudged that the decree of the said district court be, and the same is hereby reversed. And the cause is remanded to the district court for further proceedings upon the proofs aforesaid and such other proofs as may be offered. And all questions of costs in this court are reserved for the further order of the court."

LANGLEY (PERRY v.). See Case No. 11,006.